[No. 2136.]

## LOWENSTEIN v. ALEXANDER.

1. **Appellate Practice—Abstract of Record—Evidence.**

An assignment of error based on the ruling of the court sustaining an objection to the introduction in evidence of an exhibit will not be considered unless such exhibit is contained in the abstract of record.

2. **Same.**

An assignment of error based on a ruling of the court sustaining an objection to a question propounded to a witness will not be considered unless the question is contained in the abstract of record.

3. **Same—Instructions.**

Assignments of error based on alleged erroneous instructions will not be considered unless the instructions are contained in the abstract of record.

*Appeal from the District Court of La Plata County.*

Messrs. GALBREATH & ELLIS, for appellant.

Mr. N. C. MILLER, for appellee.

THOMSON, J.

Suit upon a promissory note. Plaintiff had judgment and the defendant appeals.

The defendant admitted the execution of the note, but averred payment. He also alleged counterclaims and setoffs more than sufficient to satisfy the claim. The evidence was conflicting. The uncontradicted testimony of either party would have entitled him to judgment; but as the statements of each were denied by the other, the questions of fact were settled by the verdict.

It is assigned for error that the court sustained the plaintiff's objection to the reading in evidence of the defendant's exhibit A. The abstract contains no exhibit A; and not knowing what it was, we are unable to say whether it should have been received or not.

Error is assigned as follows:

"The court erred in permitting the plaintiff to propound to witness, Seth B. Ford, for the purpose of contradicting defendant, the following question: 'State whether or not Mr. Lowenstein said, in the presence of Mr. Alexander, yourself and possibly Mr. Veitch, at the time of the taking of the inventory, that the terms upon which Mr. Alexander was buying into the store was $700 in cash and one-half of Mr. Alexander's interest in the charcoal company,' because no proper foundation was laid for such question."

On looking over the abstract we find that prior to the examination of the witness Ford the defendant was, on cross-examination, asked whether, at the time and in the presence mentioned in the question, he made the statement it contained. The foundation for the question was properly laid.

Another assignment is in the following words: "That the court erred in sustaining plaintiff's objection to the following question, propounded to witness Ford by the defendant: 'I will ask you, Mr. Ford, if, when the same question was asked you, in taking the last deposition, if your first answer to the question was not, that you understood Mr. Lowenstein to say that the consideration was $1,000, $700 of it was paid and $300 still due?' "

. No such question is found in the abstract.

Finally, it is charged that the instructions were erroneous. The abstract contains no instructions.

Let the judgment be affirmed.          *Affirmed.*